```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

WILLIAM CURTIS ADDINGTON,       §
                                §
             Plaintiff,         §
                                §
VS.                             §   CIVIL ACTION H-12-1090
                                §
TERESITA D. ADDINGTON a/k/a     §
TERESITA D. CANTU,              §
                                §
             Defendant.         §
```

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced cause, in essence alleging that Defendant Teresita D. Addington is wrongfully claiming the federal income tax dependent exemption deduction, presumably under 26 U.S.C. § 152(e)(1), for two minor children, are Defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)(instrument #4) and motion for sanctions (#5), and Defendant Christina Brooke Tarrer's motion to dismiss (#14).

This case was filed on April 11, 2012. On October 12, 2012, Plaintiff filed an Amended Complaint (#9) without leave of Court adding as named defendants Maria Elena Cantu (Defendant's mother), Christina Brook Tarrer (the children's former nanny), and the United States of America. There is no evidence in the record that Plaintiff ever served Maria Elena Cantu or the United States, and neither has made an appearance, nor has Plaintiff filed a motion for default. Defendant Christina Brooke Tarrer who was served, was voluntarily dismissed without prejudice pursuant to her motion (#14) and Plaintiff William Curtis Addington's stipulation (#15) on

January 3, 2013 (#16). Therefore Tarrer's motion to dismiss (#14) is MOOT. Moreover, the Court strikes the amended Complaint for failure to obtain leave of Court to file it and for failure to serve the other two new Defendants, as well as its lack of jurisdiction over this matter, as explained below.

Defendant Teresita D. Addington's motion to dismiss and motion for sanctions address the Original Complaint.

**Standard of Review**

"When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Crenshaw-Logal v. City of Abilene, Texas*, No. 11-10264, 2011 WL 3363872, *1 (5th Cir. Aug. 4, 2011), *quoting Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. Mar. 15, 2011); Fed. R. Civ. P. 12(h)(3). If a complaint could be dismissed for both lack of jurisdiction and for failure to state a claim, "the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6)." *Crenshaw-Logal*, 2011 WL 3363872, *1, *quoting Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). The reasons behind this practice are to preclude courts from issuing advisory opinions and barring courts without jurisdiction "'from prematurely dismissing a case with prejudice.'". *Id.*, *citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998), and *Ramming*, 281 F.3d at 161.

Rule 12(b)(1) allows a party to move for dismissal of an

action for lack of subject matter jurisdiction. The party asserting that subject matter exists, here the plaintiff, must bear the burden of proof for a 12(b)(1) motion. *Ramming*, 281 F.3d at 161. In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

Federal courts "'must consider jurisdiction *sua sponte* if not raised by the parties.'" *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012), *citing Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d

at 148, *quoting Twombly*, 550 U.S. at 555, 570. In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

### Relevant Law

Section 151 of the Internal Revenue Code allows a tax payer to claim exemptions for dependent children. 26 U.S.C. § 151(c). Section 152(c) allows a deduction for exemption for "each individual who is a dependent." Section 152(a) defines a "dependent" to include a "qualifying child," i.e., one who must (1) bear a specified relationship to the taxpayer (e.g., must be the taxpayer's child), (2) have the same principal place of abode as the taxpayer for more than one-half of such taxable year, (3) must meet certain age requirements, and (4) must not have provided over one-half of his support for the taxable year at issue. *Id.* § 151(c) and § 152(a).

There are special rules applicable to divorced or separated parents about which parent may claim the dependency exemption deduction for a child. Section 152(e)(1) provides that generally the custodial parent shall be entitled to the dependent children deduction. Section 152(e) provides an exception to § 152(e)(1) by permitting the non-custodial parent to claim the exemption if "the custodial parent signs a written declaration [Form 8332] . . . that such custodial parent will not claim such child as a dependent" and "the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year." *Id.* § 152(e)(2)(A),(B).

### Original Complaint's Key Allegations

The complaint asserts that this Court has federal question jurisdiction under 26 U.S.C. §§ 6001-6116 and 6401-6432.

Plaintiff was married to Defendant, with whom he had two children, both still minors. On June 25, 2009 Plaintiff filed for divorce in the 312th Judicial District Court, Harris County, Texas, Cause No. 2009-40260.[1] On August 29, 2009 he was appointed temporary sole custodian of the two children, while Defendant was allowed limited access to and possession of the minors with no overnight visits. Defendant was not ordered to pay child support. The children have lived continuously with Plaintiff, who is the only parent providing financial and other support. On July 29, 2011 the family court modified its August 29, 2009 order to grant Defendant, as the non-custodial parent, standard visitation every other week and visitation for certain holidays. Plaintiff states that Defendant has not paid child support as ordered by the judge presiding over the divorce proceedings and has consistently failed to visit the children.

The gravamen of Plaintiff's complaint is that from 2009 to 2011 Defendant has claimed the minor children as her dependents on her federal income tax, as well as other child tax credits, and wrongfully received the tax refunds. At no time during this period have the children resided with Defendant as she is prohibited from having them reside with her as the non-custodial parent, nor did she provide any financial or other support for the children. She has not executed and delivered IRS form 8332 to Defendant releasing

---

[1]The record is not clear whether the divorce is final at this point.

his claim for exemption for the minor children as custodial parent.[2]  Plaintiff filed his tax returns for years 2009 through 2011, rightfully claiming his minor children as qualified dependents.

### Defendant's Motion to Dismiss (#4)

Plaintiff argues that Title 26 of the United States Code relates to matters for which the Internal Revenue Service ("IRS") maintains jurisdiction and only the Secretary of the Treasury can bring suit under it.  She maintains Plaintiff lacks standing as a private individual to bring actions on behalf of the agency.

Moreover, Plaintiff conclusorily claims that Plaintiff fails to state a plausible claim under Rule 12(b)(6) for wrongful claiming of dependents on federal tax returns.

---

[2] Plaintiff seems confused here.  As explained in *Duby v. Commissioner of Internal Revenue*, No. 6765-02, T.C. Memo 2002-33, 2003 WL 301788, *2 (U.S. Tax Ct. Feb. 13, 2003), *citing Miller v. Commissioner*, 114 T.C. 184, 190, 2000 WL 309121 (U.S. Tax Ct. 2000),

> The "noncustodial parent" may claim the child as a dependent if any one of the following statutory exceptions is satisfied:  (1) Pursuant to section 152(e)(2), the custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year; (2) pursuant to section 152(e)(3) there is a multiple support agreement between the parties as provided in section 152(c); or (3) pursuant to section 152(e)(4), there is a qualified pre-1985 instrument providing that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child.  Sec. 152(e).  The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or a statement conforming to the substance of Form 8332.

**Court's Decision**

The Court concludes that as a matter of law it lacks subject matter jurisdiction over this case.

The Internal Revenue Code defines who is entitled to a federal income tax exemption for dependent children. *In the Interest of J.G.Z.*, 963 S.W. 2d 144, 150 (Tex. App.--Fort Worth 1997, no pet.); *In the Interest of C.N.S.* 955 S.W. 2d 448, 449 (Tex. App.--Fort Worth 1997, no pet.); *Kittelson v. Kittelson*, No. 05-00-01063-CV, 2001 WL 687745, *1 (Tex. App.--Dallas June 20, 2001). Although federal law preempts state law in the determination of who is entitled to the child dependancy exemption deduction from federal income taxes,[3] however, state law applies in the context of a state court's determination of child support in the dissolution of a marriage or separation.

"Family relations are a traditional area of state concern. *Moore v.* Sims, 442 U.S. 415, 435 (1979). "The whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S, 586, 593-94 (1890). Traditionally federal courts have left the issues of domestic relations to the state courts. *Estate of Merkel v. Pollard*, 353 Fed. Appx. 88, 92 (5th Cir. Nov. 16, 2009), *citing Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004). Moreover there is no interstate conflict here. The Fifth Circuit has recognized that

---

[3] *See In re J.G.Z.*, 963 S.W. 2d 144 (Tex. App.--Texarkana 1998, no writ); *In the Interest of C.C.N.S.*, 955 S.W. 2d 448 (Tex. App.--Fort Worth 1997, no writ); *Lystad v. Lystad*, 916 S.W. 2d 617 (Tex. App.--Fort Worth 1996, no writ).

Texas has a significant interest in its divorce law. *Dubroff v. DuBroff*, 833 F.3d 557, 562 (5th Cir. 1987). Federal courts defer to state courts in two ways to avoid adjudication of domestic issues. *Id.* First, under the domestic relations exception, federal courts sitting in diversity jurisdiction, are deemed to lack jurisdiction to "'issue divorce, alimony, and child custody decrees.'" *Id., citing Ankenbrandt v, Richards*, 504 U.S. 689, 703 (1992). Alternatively, as is the case here, because there is no diversity jurisdiction, where the domestic relations exception technically does not fit, abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) is employed "'when a case presents 'difficult issues of state law bearing on policy problems of substantial public import, whose importance transcends the result in the case then at bar.'" *Id., citing Ankenbrandt* at 705-06, *citing Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814 (1976). "'Such might well be the case if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties.'" *Id., citing Ankenbrandt*, at 706. While it is not clear whether Plaintiff and Defendant's divorce and child custody proceedings have reached final judgment, "timely and adequate state-court review" of ongoing child support matters and future need for any modification are subject to the state court's review. In *DuBroff*, 833 F.3d at 562 (divorce), and *Begum v. Miner*, No. 99-20027, 213 Fed. Appx. 639 2000 WL 554953, *3 n.6 (5th Cir. 2000)(adoption), the Fifth Circuit found *Burford* abstention in family law matters appropriate. *Merkel*, 354 Fed. Appx. at 94.

Texas has established a comprehensive system of family courts with experience and expertise for judicial review, which federal courts lack. *Id.* at 95.

The state trial court in a divorce proceeding has the responsibility for allocating child support obligations between spouses, which necessarily involves the federal income tax dependency exemption. The state court judge has the authority to determine, establish, adjust, and modify the dollar amounts of child support to be paid by one parent to the other. While he must recognize and follow the federal law regarding the right to claim the dependent child tax exemption, he may also consider the tax consequences when he decides on other child support obligations of each parent.

This Court does not have the documents from the state court divorce proceedings and does not know what happened in them or whether the divorce is final. Plaintiff needs to apply to that court for a determination whether he is the custodial parent, and if the state court determines that he is, enforce his right through that court, and its appellate system, and the Internal Revenue Service. If, on the other hand, he has followed the appropriate path to allow Defendant to take the exemption and now wishes to withdraw his permission, he should follow appropriate procedures. Regardless, this Court finds it lacks subject matter jurisdiction to address this child support dispute.

For the reasons indicated above, the Court

ORDERS that Christina Tarrer's motion to dismiss is MOOT. The Court further

ORDERS that the Amended Complaint (#9) is STRICKEN. In addition the Court

ORDERS that this case is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). Finally, because both parties appear somewhat confused about the law, the Court

ORDERS that Defendant's motion for sanctions (#5) is DENIED.

**SIGNED** at Houston, Texas, this 12th day of March, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE